# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 08cv1010 |
| | ) | |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently pending before the Court for disposition is the MOTION TO REMAND filed by Plaintiff, Adam Dixon (Document No. 7) and the RESPONSE in opposition filed by Defendant, Progressive Northern Insurance Company (Document No. 10). For the reasons stated below, the Court will decline to exercise its discretionary jurisdiction over this declaratory judgment action, and it will order that the case be remanded to the Court of Common Pleas of Allegheny County, PA forthwith.

The plaintiff, Adam Dixon, commenced this declaratory judgment action in the Court of Common Pleas of Allegheny County, PA at docket number GD 08-012081, in which he seeks a determination that defendant Progressive Northern Insurance Company ("Progressive") is obligated to pay him stacked uninsured motorist benefits and first party medical benefits for injuries he sustained in an automobile accident. Progressive, at the time of the accident, had issued a policy of insurance to Paul Ellingsworth and Elizabeth Ellingsworth, the great uncle and great aunt of Plaintiff, which insured three (3) vehicles in the Ellingsworth household, including the vehicle involved in the accident. At the time of the accident, Plaintiff was operating a vehicle owned by his great uncle, Paul Ellingsworth.

The central issue to be decided in this case is whether, under Pennsylvania law, the Plaintiff was a "resident" relative in the household of Paul Ellingsworth and Elizabeth Ellingsworth, the policy holders.

Progressive filed a timely notice of removal to this Court, in which it asserted that the Court has diversity citizenship over this matter pursuant to 28 U.S.C. § 1332. Thereafter, Plaintiff timely moved to remand this action on the grounds that the state law question of insurance coverage is more properly a matter for the state court to resolve.

The Declaratory Judgment Act provides, in relevant part, that a court "*may* declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201 (emphasis added)[1]. The jurisdiction conferred by the Declaratory Judgment Act is discretionary, and district courts are under no compulsion to exercise it. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (holding that the Declaratory Judgment Act affords district courts "unique and substantial discretion in deciding whether to declare the rights of litigants."); *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000) (*citing Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 494 (1942).

The United States Court of Appeals for the Third Circuit has counseled that "federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to

---

[1] In pertinent part, the Declaratory Judgment Act provides:

In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

2

issues of state law." *Atlantic Mutual Ins. Co. v. Gula*, 84 Fed. Appx. 173, 2003 WL 22962947, *2 (3d Cir., Dec. 17, 2003) (*citing Summy*, 234 F.3d at 134-35). However, district courts do "not have open-ended discretion to decline jurisdiction over a declaratory judgment action when the issues include[] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceedings." *Summy*, 234 F.3d at 134. None of these exceptions are present here.

In *Summy,* our Court of Appeals stated that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *Id*. at 136. Indeed,

> the state's interest in resolving its own law must not be given short shrift simply because one party . . . perceive[s] some advantage in the federal forum. When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.

*Id.*

Significantly, the sole issue of insurance coverage in this case presents no federal questions, nor promotes any federal interest. The requested relief would require the Court to apply well-settled state law. This weighs heavily against the Court exercising jurisdiction over this declaratory judgment action. *Allstate Insurance Co. v. Seelye,* 198 F. Supp. 2d 629, 631 (W. D. Pa. 2002). In addition, "the state's interest in determining issues of state law also weighs against exercising jurisdiction in declaratory judgment actions." *Gula,* 84 Fed. Appx. at 174. Further, since state law on the issue of insurance coverage is well settled, there is even less reason for the parties to litigate their dispute in federal court. *Summy*, 234 F.3d at 136; *Seelye,* 198 F. Supp.2d at 631.

Plaintiff's objection to this Court's exercise of jurisdiction is a factor that supports a decision to decline jurisdiction, although it is not a necessary one, as a district court may decline jurisdiction in a declaratory judgment *sua sponte*. *Summy,* 234 F.3d at 136; *Seelye,* 198 F. Supp.2d at 632. When a federal court declines to entertain a declaratory judgment action that was removed from state court, it has authority to remand the matter back to state court. *McDowell Oil Service, Inc. v. Interstate Fire and Casualty Co.*, 817 F. Supp. 538, 546 (M.D. Pa. 1993).

There is, however, a salient factor in *Wilton* and *Summy* not present in this case, namely a parallel action pending in the state court. Both the Supreme Court in *Wilton* and our appellate court in *Summy* reasoned that a pending parallel state court action is one of the facts that favor declining jurisdiction in declaratory judgment actions. The Supreme Court in *Wilton* did not explicitly address the issue of whether a district court should decline jurisdiction in declaratory judgment actions in the absence of parallel state court proceedings. *Wilton*, 515 U.S. at 290. The *Wilton* court implicitly indicated, however, that there are other factors, besides the existence of parallel state proceedings, that call for declining to exercise jurisdiction in a declaratory judgment action. *Id.* at 288 n.2.

Thus, although there is no parallel state court proceeding pending in this case, the Court finds that factor is not determinative and the absence of a parallel state proceeding is clearly outweighed by the lack of any federal interest in this case.

In conclusion, this dispute is not governed by federal law and there are no federal interests at stake. The state law to be applied is well settled. The Court finds and rules that the state court is more than capable of resolving this dispute in accordance with its own law.

Accordingly, under the circumstances of this case, and in the exercise of the discretion of the Court, the Court will not exercise jurisdiction over this declaratory judgment action.

AND NOW, this 27th day of August, 2008, it is hereby **ORDERED** that the Motion to Remand filed by Plaintiff is **GRANTED** and that this matter is **REMANDED** to the Court of Common Pleas of Allegheny County, PA forthwith.

The Clerk is directed to mark this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Cynthia M. Danel, Esquire
Edgar Snyder & Associates
Email: cdanel@edgarsnyder.com

Christina Rogers, Esquire
Zimmer Kunz
Email: rogers@zklaw.com

Jeffrey A. Ramaley, Esquire
Zimmer Kunz
Email: ramaley@zklaw.com